UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA V. HILL,

                Plaintiff,

     -against-

MT. SINAI HOSPITALS, et al.,

               Defendants.

21-CV-5932 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

     This action, which names "Ana V. Hill" as the plaintiff, has been filed against Mount Sinai Hospitals, the New York State Office of Mental Health, the New York City Office of Mental Health and Hygiene, and The Bridge Inc. The complaint invokes this Court's federal question jurisdiction, 28 U.S.C. § 1331. An unsigned order to show cause also has also been filed. (ECF 4.) By order dated July 13, 2021, the Court granted a request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

     The Court concludes that Plaintiff's husband, Harry Warren, Jr., has filed this action on behalf of his wife, Vivian Hill, whom he also refers to throughout the complaint as Ana V. Hill. Because Warren is not a licensed attorney authorized to file this action on his wife's behalf, the Court dismisses the action under 28 U.S.C. § 1654, without prejudice to Vivian Hill filing her own civil action.

## STANDARD OF REVIEW

     The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The complaint asserts three claims: (1) that Defendants have discriminated against Hill based on her race (African-American), age, disability, and status as a whistleblower, and that she "requested permission to seek relief from the Federal Court due to [Defendants'] failure to enforce Federal Laws: to protect a whistleblower, civil rights discrimination, retaliation for filing a discrimination lawsuit" (ECF 2, at 5); (2) that Hill has been "refused her medical records since 2019," in violation of the Health Insurance Portability and Accountability Act (ECF 2, at 2); and (3) that a sheriff broke down Hill's door and attacked her, and that Hill "lives in daily fear" (ECF *Id.* at 5).

The complaint states that Hill "is suing the N.Y. State court for 40 million [and] now the same in federal court for the federal issues" and requests that the Court "stop the sheriff from attacking Ann Hill." (*Id.* at 6.)

Attached to the complaint is a filing from Hill's state court action, which includes Hill and her husband Harry Warren, Jr. as the plaintiffs. (*Id.* at 14.) In the state court submission, brought against the same defendants named in this action, Hill and Warren state that "[i]t was a ploy to attack Vivian Hill, sending the Sheriff to apprehend her. Also, [the defendants] manipulated the court into providing a new Inpatient Outpatient and (AOT) Assisted Outpatient Therapy order at the NYS Supreme Court." (*Id.*) They further allege that

> Vivian just got discharged from the defendant's hospital a couple of months ago. Then, again, it maintains the every two to three-month hospitalizations – despicably and unquestionably aberrant to stand medical or psychiatric practices.

> Vivian Hill (also a whistleblower) is persecuted in **retaliations**, since she filed her civil rights lawsuit against them in 2019. . . . Now, they are summoning the sheriffs to bring her back? Their hospital was derelict in doing their responsibility about medications, leaving it up [to] the Bridge Inc. to change drugs and doses as they pleased. The Bridge Inc., under police investigation, describes she is uncooperative because the police state their aggravated harassment of Vivian.

(*Id.* at 15) (emphasis in original).

On November 7, 2018, in a prior action before Judge Louis L. Stanton of this court, Warren was barred from filing any new action IFP without first obtaining leave to file. This injunction was imposed based on Warren's history of filing frivolous actions, many of which were filed on behalf of Hill. *See, e.g.*, *Warren v. Columbia Presbyterian Hosp.*, ECF 1:18-CV-3697, 10 (S.D.N.Y. Nov. 7, 2018) (noting that in one of plaintiff's prior cases, "Plaintiff also attempted to assert claims on behalf of Vivian Hill").

## DISCUSSION

The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). "[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

The Court concludes that Plaintiff's husband, Warren, filed this action on his wife's behalf for the following five reasons. First, although the state-court submission attached to the complaint states that Hill has been hospitalized, the address provided corresponds with Warren's

residential address, included in his prior submissions, not Hill's current location.[1] Second, the complaint appears to have been completed by Warren, who refers to Hill throughout the complaint in the third person. Third, the handwriting on this complaint and on Warren's prior submissions appears to be the same. Fourth, the email address and cellphone number in the signature block of the complaint are Warren's. Finally, Warren's history of attempting to assert claims on behalf of his wife strongly suggests that he intends to do so here. Because of the injunction that Judge Stanton issued against him, he may have chosen to omit himself this time as a plaintiff.

Warren, who is proceeding *pro se* and is not a licensed attorney, cannot act on behalf of Hill. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted). Because Warren cannot file this action on behalf of his wife, the Court dismisses the complaint without prejudice to Hill's filing a new civil action on her own behalf.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice to Hill submitting a new civil action on her own behalf.

The Clerk of Court is directed to terminate all motions in this matter, including the application requesting the appointment of pro bono counsel and unsigned order to show cause. (ECF 3-4.)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.

---

[1] The Court recognizes that Plaintiff may no longer be hospitalized.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: August 2, 2021
       New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                      Chief United States District Judge